John B. DONALDSON, et al.,
Appellants,

v.

LAKE VISTA COMMUNITY IMPROVE-
MENT ASSOCIATION, et al.,
Appellees.

No. 13–85–413–CV.

Court of Appeals of Texas,
Corpus Christi.

Sept. 18, 1986.

Rehearing Denied Oct. 23, 1986.

**816**

John H. Eaton, Spann & Smith, Corpus Christi, for appellants.

Gene Chapline, Schneider & McWilliams, George West, for appellees.

Before BENAVIDES, UTTER and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

This is an appeal from a summary judgment. Appellants, John B. Donaldson, Carolyn S. Donaldson, The Original and Only Texan Aircraft, Inc. and the Texas Branch of Global Harvesters Foundation, Inc. (Donaldson) brought suit against Lake Vista Community Improvement Association, Lake Vista Airport Corporation, Merle Cox, John Moore, Ed Bertram, Wright Price, Ernie Orsak and Ed Mankowski for intentional and malicious interference with Donaldson's business and property rights. Donaldson sought damages for lost profits, diminution in value of his property, intentional infliction of emotional distress as well as exemplary damages. We reverse the judgment of the trial court.

The controversy in this lawsuit is over the use of an airstrip owned by Lake Vista Airport Corporation. The land upon which the airstrip is located is managed by Lake Vista Community Improvement Association (Association) and the Association owns all of the corporation's stock. The airstrip is part of a 19.05 acre tract which was conveyed in 1960 to the airport corporation by the developer, John Pennington.

The summary judgment evidence presented shows that Donaldson and his wife purchased lots in the Lake Vista subdivision. According to Donaldson, he purchased the property based upon assurances made to him by agents of the subdivision management that the property could be used commercially and based upon his knowledge that the airport was designated for public use. He claims, by affidavit, that he also relied on the fact that other

individuals were using property adjacent to the strip for commercial uses. In April 1975, the subdivision's architectural control committee approved the construction of proposed improvements to the property submitted by Donaldson. The proposal shows that Donaldson intended to construct a training center which would include a hangar, classrooms, lounge and aviation gas pumps. The record suggests that these plans were approved and Donaldson relied on such approval before Donaldson's purchase of the property. According to Donaldson, he operated a flight school on the premises from 1975 until 1982. He claims that the defendants acted in concert to deprive him of his right to use the property by such actions as plowing the airstrip and blocking individuals' ingress and egress to the field.

Appellees' summary judgment evidence shows that the grantor, Pennington, deeded the land upon which the strip was located to the corporation without any kind of reservation clause. Pennington said in his affidavit that he never gave appellants permission to use the airstrip commercially. He further swore that appellants were granted no property right in the premises. The affidavits of the officers also deny that permission to use the strip was given to appellants.

In a summary judgment case, we review the evidence in favor of the non-movant. *Wilcox v. Saint Mary's University,* 531 S.W.2d 589 (Tex.1975). The movant has the burden of establishing a right to a summary judgment by conclusively proving all of the elements of his cause of action or defense as a matter of law. *O'Deneal v. Van Horn,* 678 S.W.2d 941 (Tex.1984).

In this case, all of Donaldson's complaints stem from the appellees' refusal to allow him use of the airstrip. He claims a property right to the strip based on oral assurances and past practices. The corporation's deed does not show any reservation clause which would allow appellants an easement. Donaldson's deed to the property, although referred to in appellees' mo-

tion for summary judgment, is not of record.

Appellants' summary judgment proof includes the affidavit of Neeley Reed Vaught, who swore that appellee Wright Price made derogatory statements about appellant Donaldson concerning the safety of Donaldson's planes, the status of Donaldson's pilot's license, that Donaldson was in trouble with the I.R.S., and that he was transporting aliens into the county through his religious organization. The only other summary judgment proof was appellant Donaldson's affidavit. The contents of his affidavit show that he believed his right to use the strip stemmed from oral assurances by the subdivision management, written approval by the committee of plans to build a flight training school and other structures, the fact that other commercial enterprises were operating, and the fact that he had operated and utilized the airstrip for several years.

■ Appellants raised several affirmative defenses including ratification, waiver, estoppel, and easement by implication as well as affirmative claims that appellees tortiously interfered with his business relationships. When responding to a motion for summary judgment by way of an affirmative defense, the mere raising of an affirmative defense will not prevent the granting of a summary judgment unless each element of that defense is raised by competent summary judgment evidence. *Brownlee v. Brownlee,* 665 S.W.2d 111 (Tex.1984).

■ Appellant, by his affidavit, raises estoppel. The requisites of promissory estoppel are: (1) a promise, (2) forseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment. *English v. Fischer,* 660 S.W.2d 521, 524 (Tex.1983). Estoppel is a doctrine to prevent injustice. The purpose of estoppel, in general, " ... is for the protection of those who have been mislead by that which upon its face was fair, and whose character as represented parties to the deception will not, in the interest of justice, be heard to deny." *Kuehne v. Denson,* 219 S.W.2d

1006, 1009 (Tex.1949). One, who by speech or conduct induces another to act in a particular manner should not be permitted to adopt an inconsistent position, attitude, or course of conduct which causes loss or injury to another. Waiver and estoppel ordinarily are questions of fact. *Page Airways, Inc. v. Associated Radio Service Co.,* 545 S.W.2d 184 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.). Damages recoverable in a case of promissory estoppel are not the profit that the promisee expected, but only the amount necessary to restore the injured party to the position he would have been in had he not acted in reliance on the promise. *Fretz Construction Co. v. Southern National Bank of Houston,* 626 S.W.2d 478 (Tex.1981). Promissory estoppel, although normally a defensive plea, may also be used by a plaintiff as an affirmative ground of relief. *Kenney v. Porter,* 604 S.W.2d 297 (Tex.Civ. App.—Corpus Christi 1980, writ ref'd n.r. e.).

■ Appellant claims in his affidavit that he received permission from members of the subdivision management for the commercial operation of a fixed base airport facility. He submitted plans to the architectural control committee which showed that he intended to build a hanger, classrooms, gas pumps, and an area for flight instruction and aircraft sales. In reliance upon management assurances, he built the improvements and conducted business on a regular basis from 1975 until 1982. We hold that appellant raised sufficient evidence to raise a fact issue as to promissory estoppel sufficient to defeat appellees' motion for summary judgment.

■ Appellant Donaldson also pled that appellees had tortiously interfered with his business relationships. A cause of action for interference with a business relationship may arise where there is an intentional harmful act without legal justification. *Herider Farms—El Paso, Inc. v. Criswell,* 519 S.W.2d 473 (Tex.Civ.App.—El Paso 1975, writ ref'd n.r.e.); *Cooper v. Steen,* 318 S.W.2d 750 (Tex.Civ.App.—Dallas 1958, no writ). The interference is actionable only if proven to be motivated by malice. *CF & I Steel Corp. v. Pete Sublett and Co.,* 623 S.W.2d 709 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). Neeley Ray Vaught swore in his affidavit that appellee Wright Price told him that Donaldson's plane, which he had previously rented, was unsafe. He also indicated that on another occasion he was preparing to fly Donaldson's plane when Price passed directly in front of him in his own airplane and told him that he could "be filed upon for trespassing." Appellees swore in their affidavits that any action they took was not motivated by malice, thereby attempting to negate an essential element of Donaldson's cause of action. TEX.R.CIV.P. 166–A provides that a summary judgment may be based upon uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. We hold that appellees' statements that they were not motivated by malice is not the type of testimony which could have been readily controverted. Appellees subjective determinations of their states of mind did not establish absence of malice or ill will as a matter of law. *Beaumont Enterprise and Journal v. Smith,* 687 S.W.2d 729 (Tex.1985); *Wise v. Dallas Southwest Media Corp.,* 596 S.W.2d 533 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.).

■ Moreover, in an action for tortious interference, malice is a term of art with a special meaning. *Rural Development, Inc. v. Stone,* 700 S.W.2d 661 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). Malice in such a case is defined as an act without excuse or just cause. *Sakowitz, Inc. v. Steck,* 669 S.W.2d 105 (Tex.1984). The alleged tortious actions of appellee are not rendered justifiable or excused as a matter of law by appellees' statements that they were not motivated by malice.

The summary judgment is REVERSED and the cause REMANDED.