ALEDO INDEPENDENT SCHOOL
DISTRICT, Appellant,

v.

CHOCTAW PROPERTIES, L.L.C.,
et al., Appellees.

No. 10–99–239–CV.

Court of Appeals of Texas,
Waco.

March 22, 2000.

Thomas P. Brandt, Cathlynn H. Cannon, Fanning, Harper & Martinson, Dallas, for appellant.

Donald A. Ferrill, Andrew L. Wambsganss, Brown, Thompson, Pruitt & Peterson, P.C., Fort Worth, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

A school district denied children admittance to its schools based on the location of the children's residence. The parents sued the seller of the residential property for misrepresenting the location of that property. Within the same action, the seller sued the school district for a declaratory judgment. The school district filed a plea to the jurisdiction which the trial court denied. The school district appealed. We affirm the trial court's order.

### FACTUAL BACKGROUND

This action stems from the sale of property by Choctaw Properties (Choctaw) to the Cunningham family upon the alleged representation that the property was located within the boundaries of the Aledo In-

dependent School District (Aledo). The Cunninghams built a residence on the property, but their children were denied admittance to Aledo's schools. The Cunninghams sued Choctaw for various theories including misrepresentation of the school district in which the property was located.

Choctaw filed a third party petition against Aledo alleging the school district was estopped from denying that the property was within its boundaries and that Aledo breached its agreement with Choctaw that the children residing on the property would attend Aledo's schools. Aledo filed a plea to the jurisdiction which was denied. Aledo now brings this interlocutory appeal pursuant to the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2000).

### APPLICABLE LAW

■ Subject matter jurisdiction is essential to the authority of a court to decide a case. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 443 (Tex. 1993); *Bland Ind. School Dist. v. Blue,* 989 S.W.2d 441, 445 (Tex.App.—Dallas 1999, pet. granted). The petitioner in a lawsuit must allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause of action. *Texas Ass'n of Bus.,* 852 S.W.2d at 446. A plea to the jurisdiction is the vehicle by which a party contests the trial court's authority to determine the subject matter of a cause. *Bland,* 989 S.W.2d at 445.

■ The trial court must base its decision whether to grant or deny a plea to the jurisdiction solely on the allegations in the petitioner's pleadings. *Firemen's Ins. Co. v. Board of Regents of Univ. of Tex. Sys.,* 909 S.W.2d 540, 541 (Tex.App.—Austin 1995, writ denied). Where the pleadings do not affirmatively demonstrate an absence of jurisdiction, a liberal construction of the pleadings in favor of jurisdiction is appropriate. *Continental Coffee Products Co. v. Cazarez,* 937 S.W.2d 444, 449 (Tex.1996); *Peek v. Equipment Service Co.*

*of San Antonio,* 779 S.W.2d 802, 804 (Tex. 1989). Whether a trial court has subject matter jurisdiction over a cause is a question of law and is reviewed de novo. *Scott v. Prairie View A & M Univ.,* 7 S.W.3d 717, 719 (Tex.App.—Houston [1st Dist.] 1999, pet. denied), *citing, Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998). In our de novo review, we also base our decision on the allegations in the pleadings and accept factual allegations as true. *Firemen's,* 909 S.W.2d at 542. However, we are not bound by legal conclusions nor by any illogical factual conclusions drawn from the facts pled. *Id.*

■ Neither party has raised the propriety of whether it is appropriate to challenge or take an interlocutory appeal to only some issues or claims rather than the entire case. Traditionally, sustaining a plea to the jurisdiction requires dismissal of the entire cause of action. *See Speer v. Stover,* 685 S.W.2d 22, 23 (Tex.1985); *City of Cleburne v. Trussell,* 10 S.W.3d 407, 409–10 (Tex.App.—Waco 2000, n.p.h.). If the district court has jurisdiction of any claim as alleged in a reasonable interpretation of the plaintiff's petition, then the trial court has jurisdiction of that claim and over that particular defendant; and an order denying a plea to the jurisdiction should properly be affirmed. *City of Cleburne,* at 409–10 (the granting of a plea to the jurisdiction on the basis that some of the damages pled are not recoverable would be erroneous); *Blum v. Restland of Dallas, Inc.,* 971 S.W.2d 546, 549 (Tex. App.—Dallas 1997, no pet.) (because the trial court had jurisdiction over at least part of the case, denial of plea to the jurisdiction was proper). We believe it does not serve the legislative purposes for which interlocutory appeals of pleas to the jurisdiction were allowed to fragment the appeal on less than the entire case against a defendant. In this instance Aledo has alleged that the district court does not have jurisdiction of any of Choctaw's claims against Aledo; thus, the interlocu-

tory appeal is proper. However, if we determine that the trial court has jurisdiction of any claim, but not all the claims, affirmance of the trial court's denial of the plea to the jurisdiction is the proper result.

## PLEADINGS

In its Second Amended Third Party Petition, Choctaw alleges:

### G.

Defendants would show that AISD has collected and accepted ad valorem taxes on the property ("Property") that is the subject of this cause of action. This caused Defendants to believe that the Property was in the Aledo Independent School District's boundaries. Defendants relied on this belief to their detriment. AISD is now estopped to deny that the Property is within its boundaries. Defendants request that this Court enter a final judgment or decree declaring that the Property is within AISD's boundaries and declaring that the school aged children residing at the Property shall attend AISD schools. Defendants further request that the Court award costs and reasonable and necessary attorneys (sic) fees as are equitable and just.

### H.

Defendants would show that prior to April 2, 1996, they have paid ad valorem taxes on the Property to AISD. By letter dated April 2, 1996, AISD agreed that the children residing at the Property will attend AISD schools. Now AISD asserts that it will not allow the children residing at the Property to attend AISD schools. AISD's breach of its agreement has proximately caused damages to Defendants and may continue to cause damages to Defendants in the future. Defendant's (sic) would further show they are entitled to an award of attorney's fees and costs pursuant to Texas Civil Practice & Remedies Code ann. § 38.001 et seq.

In response to Choctaw's petition, Aledo filed a plea to the jurisdiction, in which it identified four theories upon which the trial court could determine it did not have subject matter jurisdiction over Choctaw's claims. Those four theories were set out as follows:

1. Whether this [trial] Court has jurisdiction to consider Choctaw Properties' declaratory judgment action because Choctaw Properties has no standing to bring it.

2. Whether this [trial] Court has jurisdiction to consider Choctaw Properties' declaratory judgment action because the relief requested would not settle all of the issues among the parties.

3. Whether this [trial] Court has jurisdiction to consider Choctaw Properties' declaratory judgment action because Choctaw Properties is improperly asking the Court for a determination of fact.

4. Whether this [trial] Court has jurisdiction to consider Choctaw Properties' declaratory judgment action because Choctaw Properties has no contractual relationship with Aledo ISD.

Aledo interprets Choctaw's petition as a suit on behalf of the children living on the property to require their attendance at Aledo's schools. Aledo also claims that Choctaw is, in essence, asking the trial court to transfer the children to Aledo's schools or change the district boundaries to include the property so that the children may attend Aledo's schools. Choctaw argues that Aledo misconstrues their third party petition. Interpreting the pleadings liberally in favor of jurisdiction, we agree that Aledo has misconstrued the claims of Choctaw.

## TRANSFER OR SWAP[1]

■ In its first three issues, Aledo contends that the trial court has no jurisdiction over the cause because Choctaw is requesting a transfer of the children and failed to exhaust its administrative remedies. In its fourth issue, Aledo claims Choctaw did not exhaust its administrative remedies through the Texas Education Code to alter the district boundaries or transfer the children to Aledo's schools before resorting to the courts for relief. Choctaw denies they are asking the trial court to either transfer the children or change the district's boundaries and thus, had no administrative remedies to exhaust.

Reading Choctaw's petition and taking its factual allegations as true, we do not interpret the pleadings in the same manner as Aledo. Within the four corners of the petition, we believe Choctaw is primarily pleading for a determination that: (1) the property is in the Aledo school district[2]; (2) that Aledo is estopped from refusing to admit the children into their schools when it collected taxes on the property; and (3) that Aledo contractually agreed the children resided in the school district and is breaching that agreement by refusing to allow them to attend school.

A portion of Choctaw's pleadings could be construed as a request to compel a transfer or to alter the district boundaries. However, another reasonable construction is that Choctaw wants a judicial declaration that the property is in Aledo's district and, alternatively, that Aledo breached its contract with Choctaw; two claims over which the district court has jurisdiction. We will not stretch Choctaw's pleadings to include an action to compel a transfer of the children to the Aledo school district or a request for a change in the district's boundaries.

■ We are obligated to construe the pleadings in favor of jurisdiction. *Continental Coffee*, 937 S.W.2d at 449. We believe under a reasonable reading of the pleadings, Choctaw has not limited their requested relief to a transfer or alteration of the district boundary claim. Aledo cannot prevail on a jurisdictional challenge to a claim for relief that has not been raised by Choctaw. *See Langston v. Eagle Pub. Co.*, 719 S.W.2d 612, 628 (Tex.App.—Waco 1986, writ ref'd n.r.e.) (trial court cannot enter, appellate court cannot affirm, summary judgment on unpled cause of action). The trial court has jurisdiction to declare that the property is in Aledo's district and has jurisdiction over a claim for breach of contract. Aledo's first through fourth issues are overruled.

## STANDING

■ In its fifth issue, Aledo argues that Choctaw has no standing to bring its third party action. Aledo assumes that Choctaw is bringing its action on behalf of the Cunningham children. Again, Aledo gives Choctaw's pleadings a construction that suits their purposes and refuses to acknowledge an alternative interpretation that would give the trial court jurisdiction. As explained previously, we believe Choctaw has plead for a determination that the property is in the Aledo school district; that Aledo is estopped from refusing to admit children living on the property into their schools when it collected taxes from Choctaw on the property; and that Aledo

1. We have some doubt that these issues were properly presented to the trial court for resolution. Having failed to present them to the trial court preserves nothing for our review. TEX.R.APP. P. 33.1. In the interest of justice and judicial economy, we will exercise our discretion and address them.

2. Apparently the location of the property in relation to the school district lines has not been agreed upon. It appears from the pleadings that Choctaw intends to attempt to establish that the physical location of the property is actually in the Aledo Independent School District. By the use of on-the-ground surveys identifying the boundary line of the two school districts and the property at issue, this should be a relatively easy factual determination. Once this type of evidence is obtained, a summary judgment, not a plea to the jurisdiction, on this claim may be proper.

agreed with Choctaw that the property was in the school district and that children living there would attend Aledo's schools, and is breaching that agreement by refusing to allow the children that live there to attend their school.

While a determination that the property is in Aledo may affect where the children go to school, none of these claims are brought on behalf of any specific child. Because of the suit against Choctaw over representations regarding where the property was located and which schools the children living there would attend, Choctaw has an interest in a judicial determination of whether the property is located in Aledo's district and for damages if Aledo made and breached a contract. Aledo cannot reshape Choctaw's pleadings and then claim a jurisdictional defect on a cause of action not raised by Choctaw. Its fifth issue is overruled.

### SAME PARTIES—DIFFERENT LAWSUIT

In its sixth issue, Aledo argues that Choctaw is litigating the same issues in its suit against Aledo that are being litigated in a separate suit between the Cunninghams and Choctaw, that being, whether Aledo would permit the children to attend school in Aledo even though they reside in the Granbury ISD. Aledo claims that because two lawsuits raise the same issues, declaratory relief is improper.

The Texas Supreme Court has suggested that trial courts should decline jurisdiction in a declaratory judgment action where it would deprive the real plaintiff of the traditional right to choose the time and place of suit. *Abor v. Black*, 695 S.W.2d 564, 566 (Tex.1985). However, the controversies between the Cunninghams, Choctaw and Aledo are all combined in one lawsuit, and the real plaintiff is the one who chose the forum. Aledo's sixth issue is overruled.

3. The Tyler Court of Appeals has held that if a factual dispute is the only issue to be resolved, a declaratory judgment is not the proper remedy. *Emmco Ins. Co. v. Burrows*, 419 S.W.2d 665, 671 (Tex.Civ.App.—Tyler 1967, no writ).

### ISSUES OF FACT

In its seventh issue, Aledo contends the trial court has no jurisdiction over the third party action because Choctaw improperly asks the trial court to resolve issues of fact in its request for a declaratory judgment.

The purpose of the Uniform Declaratory Judgments Act is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. TEX. CIV. PRAC. & REM.CODE ANN. § 37.002(b) (Vernon 1997). It is to be liberally construed and administered. *Id.* There is no provision in this act which forbids a determination of a fact question by declaratory judgment. In actuality, the act contemplates the resolution of factual questions by declaratory judgment. Specifically, Section 37.007 provides:

> If a proceeding under this chapter involves the determination of an issue of fact, the issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.

TEX. CIV. PRAC. & REM.CODE ANN. § 37.007 (Vernon 1997). Whether the determination of a pure fact question may or may not be a proper remedy from a declaratory judgment, is not jurisdictionally dispositive of the cause of action.[3] Aledo's seventh issue is overruled.

### CONTRACTUAL RELATIONSHIP

In its final issue, Aledo claims that the trial court does not have jurisdiction over Choctaw's third party action because there is no contractual relationship between Choctaw and Aledo. Choctaw asserts in its pleadings that there was an agreement between the parties. This is not an unreasonable factual conclusion from the pleadings, and we must accept it

However, this statement has been criticized as dicta from a very narrow interpretation of the Declaratory Judgment Act. *Hext v. Price*, 847 S.W.2d 408, 416 (Tex.App.—Amarillo 1993, no pet.).

as true for this proceeding. *See Firemen's*, 909 S.W.2d at 542. Neither Aledo's, nor Choctaw's pleadings affirmatively demonstrate lack of jurisdiction to assert a claim for breach of contract, and we are obligated to construe the pleadings in favor of jurisdiction. *See Continental Coffee*, 937 S.W.2d at 449. This may be an appropriate claim to dispose of by summary judgment but not by a plea to the jurisdiction. Aledo's eighth issue is overruled.

CONCLUSION

This opinion should not be construed as barring Aledo from reasserting its plea to the jurisdiction if the claims over which the trial court does have jurisdiction are disposed of by summary judgment or some other means. Additionally, special exceptions may be necessary to compel Choctaw to clarify in its pleadings that it is not seeking any relief for which an administrative remedy is provided and which Choctaw failed to exhaust prior to bringing this suit. Claims for which there are administrative remedies include a transfer of specific children or modification of district lines.[4] Having overruled all of Aledo's issues, the trial court's denial of Aledo's plea to the jurisdiction is affirmed.

Justice VANCE dissenting opinion.

BILL VANCE, Justice, dissenting.

No matter how Choctaw casts its pleadings in this case, it can be seeking one of only three possible remedies: (1) it may be asking that the court redraw two school districts' boundaries if the Cunningham's residence is actually outside AISD; (2) it may be asking the court to resolve a disputed fact to find that the Cunningham's residence is actually inside AISD's boundaries, or (3) it may be asking that the court

order that the Cunningham's children be transferred from Granbury I.S.D. to AISD. The Education Code provides an administrative remedy to process each of these requests. Thus, I believe that Choctaw was required to exhaust its administrative remedies before turning to the courts for relief. Its failure to exhaust the available administrative remedies prevents the district court from assuming jurisdiction over AISD and AISD's plea to the jurisdiction should have been granted. Because the majority holds otherwise, I respectfully dissent.

The underlying controversy fundamentally involves where the Cunningham's children will attend school. Which school district a child attends is specifically addressed in the Education Code. TEX. EDUC. CODE ANN. §§ 13.051, 25.001, 25.035, 25.036 (Vernon 1996 & Supp.2000). If by its request that the court "declare[ ] that the [Cunningham's residence] is within AISD's boundaries and the school age children residing at the [Cunningham's residence] shall attend AISD schools," Choctaw is asking that the court redraw the boundaries of AISD, then it is presenting a request that the court usurp the authority granted to the boards of trustees of AISD and Granbury I.S.D. by section 13.051 of the Education Code. *Id.* § 13.051(a). If by this request Choctaw is asking the court to find as a factual matter that the AISD school board has improperly denied admission to a student who resides within its boundaries, then Choctaw is claiming that AISD is violating section 25.001(b) of the Education Code. *Id.* § 25.001(b). In both instances, the original decision is assigned to the boards of trustees by the Education Code. *Id.* §§ 13.051(a), 25.001(b). And under either, Choctaw's relief from an adverse decision lies through the Commissioner of Education under section 7.057 of

4. The claim that Aledo is estopped from refusing to admit the children living on the property into Aledo's schools because Aledo had collected taxes on the property may be such a request. However, until the meaning is clarified by discovery or special exceptions, it

could be another way to restate the other two theories: 1) that the property is in Aledo's district, or 2) that Aledo contractually agreed that the children living on the property would attend Aledo's schools and has breached that agreement.

the Education Code. *Id.* §§ 7.057(a)(2)(A), 13.051(j); *Gibson v. Waco Indep. Sch. Dist.,* 971 S.W.2d 199, 200–01 (Tex.App.—Waco 1998, pet. granted); *De Leon v. Harlingen Consol. Indep. Sch. Dist.,* 552 S.W.2d 922, 927–28 (Tex.Civ.App.—Corpus Christi 1977, no writ).

Choctaw's request that the court declare that "the school age children residing at the [Cunningham's residence] shall attend AISD schools" could be granted without affecting the school district boundaries. If by this request Choctaw is asking that the court order the Cunningham's children transferred to AISD from Granbury I.S.D., it has again presented a request that the trial court usurp the authority of the two school boards. TEX. EDUC.CODE ANN. § 25.035. If, on the other hand, Choctaw claims that AISD is estopped from voluntarily accepting the Cunningham's children into its schools, it is claiming that AISD has violated section 25.036. *Id.* § 25.036; *see Palmer v. District Trustees of Dist. No. 21,* 289 S.W.2d 344, 347 (Tex. Civ.App.—Texarkana 1956, writ ref'd n.r.e.). Whether review is available in the first instance when transfer is denied is open to question,[1] but it is clear that Choctaw's petition does not allege the facts necessary to confer jurisdiction on the district court for an appeal of an adverse decision under section 25.035. TEX. EDUC. CODE ANN. §§ 25.034(f)(2), 25.035. Here, a claim that AISD is violating section 25.036 must be presented to the Commissioner of Education because whether AISD is estopped to deny consent is a question of fact. *Id.* § 7.057; *Upchurch v. Albear,* 5 S.W.3d 274, 277 (Tex.App.—Amarillo 1999, no pet.); *Gibson,* 971 S.W.2d at 200–01; *Donaldson v. Lake Vista Community Improv. Ass'n,* 718 S.W.2d 815, 818 (Tex.

App.—Corpus Christi 1986, writ ref'd n.r.e.).

Subject to certain exceptions not relevant here, a party must exhaust its administrative remedies before turning to the courts. *Gibson,* 971 S.W.2d at 201. The failure to exhaust administrative remedies is a jurisdictional defect in a proceeding. *Essenburg v. Dallas County,* 988 S.W.2d 188, 189 (Tex.1998); *Garcia–Marroquin v. Nueces County Bail Bond Bd.,* 1 S.W.3d 366, 375 (Tex.App.—Corpus Christi 1999, no pet.). We are responsible for ensuring that we have jurisdiction over a given proceeding, even if we must do so sua sponte. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998); *McLendon v. Texas Dept. of Public Safety,* 985 S.W.2d 571, 573 (Tex.App.—Waco 1998, pet. filed).

I conclude that Choctaw was required to pursue its administrative remedies before turning to the courts for relief and that its failure to do so in this proceeding deprives the courts of subject matter jurisdiction. Thus, I believe we should reverse the order denying AISD's plea to the jurisdiction and remand the cause with instructions to dismiss AISD as a party. Because the majority fails to do so, I dissent.

---

**1.** Section 25.035 refers to sections 25.032, 25.033 and 25.034 for the procedure governing a request for a transfer between school districts. TEX. EDUC.CODE. ANN. § 25.035 (Vernon 1996). Section 25.034 provides that "the decision of the board ... is final unless the student ... files exception to the decision of the board as constituting a denial of any right

of the student guaranteed under the United States Constitution." *Id.* § 25.034(e). There is no allegation in the record that the refusal of AISD to admit the Cunningham's children implicates their constitutional rights. Thus, to the extent that Choctaw claims that the children should be transferred under section 25.035, the board's decision may be "final."