NUMBER 13-03-546-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
THE STATE OF TEXAS,                                                               Appellant,
v.
ANN M. FERNANDEZ,                                                                   Appellee.



On appeal from the County Court of Kenedy County, Texas.




 O P I N I O N

     Before Chief Justice Valdez and Justices Hinojosa and Castillo

                           Opinion by Chief Justice Valdez
         Appellee, Ann Fernandez, filed four bills of review in the County Court of
Kenedy County seeking to reopen the estates of John G. Kenedy, Jr., his wife Elena
Suess Kenedy, and his sister Sarita Kenedy East. She also filed bills of review in other
courts challenging several judgments pertaining to the disposition of the three estates. 
The statutory probate court judge assigned to the County Court of Kenedy County
transferred to his court three of appellee’s bills of review filed in other courts and
consolidated these with bills of review pending in his court pursuant to section 5B of
the probate code. See Tex. Prob. Code Ann. § 5B.


 The Attorney General
unsuccessfully challenged the statutory probate court judge’s authority to order the
transfers by joining in a plea to the jurisdiction and a motion to dismiss for lack of
jurisdiction.
         On appeal, appellant, the State of Texas, contends the statutory probate court
judge had no authority to transfer the bills of review from other courts to his court
because (1) well-settled law provides that only the court that issued the judgment has
jurisdiction to hear the bill of review attacking that judgment; and (2) in the alternative,
section 5B of the probate code did not provide the statutory probate court judge with
authority to transfer the bills of review to the county court because no estate was
pending in that court at the time of the transfer. Because we conclude we have no
jurisdiction in this case, we dismiss this appeal. 
I. FACTUAL AND PROCEDURAL HISTORY



         Mr. Kenedy, Ms. East, and Mrs. Kenedy died in 1948, 1961, and 1984,
respectively. Mr. Kenedy’s property was distributed to Mrs. Kenedy upon his death. 
A portion of Mrs. Kenedy’s estate was distributed to the John G. Kenedy, Jr.,
Charitable Trust (the Trust). And a portion of Ms. East’s estate was distributed to The
John G. and Marie Stella Kenedy Memorial Foundation (the Foundation). The
administration of Mr. Kenedy’s and Mrs. Kenedy’s estates was completed in 1952 and
1985, respectively. Ms. East’s estate was closed by court order in 1987.
         Appellee alleges she is Mr. Kenedy’s biological daughter and only learned of this
fact within the past few years. In seeking to reopen and obtain her share of Mr.
Kenedy’s, Mrs. Kenedy’s, and Ms. East’s estates, appellee filed bills of review in the
County Court of Kenedy County in the following actions seeking an accounting and
distribution from the Foundation and Trust as beneficiaries of the estates:
         1)      Estate of John G. Kenedy, Jr., cause number 189; 
         2)      Estate of Sarita Kenedy East, cause number 344; 
         3)      Estate of Elena Suess Kenedy, cause number 379; and 
         4)      Estates of John G. Kenedy, Jr., Sarita Kenedy East, and Elena Suess
Kenedy, cause number 395.
The Attorney General filed a petition in intervention in cause numbers 344 and 395. 
See Tex. Prop. Code Ann. § 123.002 (Vernon 1995).
         Appellee also filed bills of review in, among others, the following three actions
related to the disposition of Mr. Kenedy’s and Ms. East’s estates:
         1)      Humble Oil & Refining Co. v. East, cause number 35 (renumbered to 03-CV-050); 
         2)      Garcia v. The John G. & Marie Stella Memorial Foundation, cause number
85 (renumbered to 03-CV-051); and
         3)      Trevino v. Turcotte, cause number 101-209-D (renumbered to 02-2959-D).
The bills of review pertaining to the first two cases were filed in the District Court of
Kenedy County, the court that rendered the judgments under attack in those bills of
review. The third bill of review was filed in the District Court of Nueces County,
which rendered the judgment under attack in that action.
         A statutory probate court judge was assigned to the County Court of Kenedy
County in cause numbers 344 and 395. See Tex. Gov’t Code Ann. § 25.0022(h)
(Vernon 2004). The statutory probate court judge consolidated the four bills of review
pending in the county court into cause number 395. He also ordered the bill of review
filed in cause number 02-2959-D and pending in the District Court of Nueces County
be transferred to his court and consolidated with cause number 395. See Tex. Prob.
Code Ann. § 5B. The Foundation filed a motion to dismiss for lack of jurisdiction in
cause number 395 contending, among other things, the statutory probate court judge
was without jurisdiction to order the transfer of the bill of review from the District
Court of Nueces County to the county court. The Attorney General joined in the
motion.
         Appellee filed a motion to transfer the bills of review in cause numbers 03-CV-050 and 03-CV-051 pending in the District Court of Kenedy County to the county
court and consolidate them with cause number 395. The Trust filed a plea to the
jurisdiction challenging the statutory probate court judge’s authority to transfer the
cases to his court. The Foundation filed a response to the motion to transfer also
challenging the statutory probate court judge’s authority to order the transfer. The
Attorney General joined in the Trust’s plea to the jurisdiction.
         In two orders dated August 27, 2003, the statutory probate court judge denied
the motion to dismiss and the plea to the jurisdiction and ordered the transfer of cause
numbers 03-CV-050 and 03-CV-051 to his court. The statutory probate court judge
issued an amended order on September 11, 2003. This appeal followed challenging
in particular the statutory probate court judge’s jurisdiction to transfer cause numbers
02-2959-D, 03-CV-050, and 03-CV-051 to his court. 
II. APPELLATE JURISDICTION
         We have jurisdiction to consider immediate appeals of interlocutory orders only
where explicitly authorized by a statute. Stary v. DeBord, 967 S.W.2d 352, 352-53
(Tex. 1998) (per curiam). Appellant states it brings this appeal pursuant to section
51.014(a)(8) of the civil practices and remedies code. Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(a)(8) (Vernon Supp. 2004). That section gives us authority to review
an appeal from an interlocutory order that “grants or denies a plea to the jurisdiction
by a governmental unit as that term is defined in Section 101.001.” Id. 
         A plea to the jurisdiction is a dilatory plea intended to defeat a cause of action
without regard to the merits of the claims. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d
547, 554 (Tex. 2000); State of Tex. Parks & Wildlife Dep’t v. Morris, 129 S.W.3d
804, 807 (Tex. App.–Corpus Christi 2004, no pet. h.). Sustaining a plea to the
jurisdiction requires dismissal of the entire cause of action. Speer v. Stover, 685
S.W.2d 22, 23 (Tex. 1985) (per curiam); Aledo Indep. Sch. Dist. v. Choctaw Props.,
L.L.C., 17 S.W.3d 260, 262 (Tex. App.–Waco 2000, no pet.). 
         At the time the motion to dismiss and the plea to the jurisdiction were filed by
the Foundation and Trust and joined by the Attorney General, cause numbers 03-CV-050 and 03-CV-051 were not yet pending before the statutory probate court judge. 
In fact, the transfer of these two cases was not ordered until the day the judge ruled
on the motion to dismiss and the plea to the jurisdiction. Thus, the Attorney General
sought a remedy in those pleadings with respect to cause numbers 03-CV-050 and 03-CV-051 that the statutory probate court judge could not provide at the time.
         Notably, on appeal, appellant does not seek dismissal of the three bills of
review. Rather, the crux of appellant’s arguments is that the three transferred bills of
review should have remained in the district courts in which each was originally filed. 
Appellant seeks a determination that the orders transferring these three actions were
void. In effect, appellant is attempting to appeal from the orders transferring the three
bills of review pursuant to section 5B of the probate code, not from rulings on pleas
to the jurisdiction. Because we do not have statutory authority to consider an
interlocutory appeal from a transfer order, we do not have jurisdiction to consider this
appeal. 
         The dissent would have us treat this appeal as a petition for writ of mandamus
and then deny it. Because we grant the relief requested by appellant in our disposition
of a related petition for writ of mandamus, we find it unnecessary to take such a step
here. See In re The John G. & Marie Stella Kenedy Mem’l Found., No. 13-03-696-CV,
2004 Tex. App. LEXIS ____ (Tex. App.–Corpus Christi ____, 2004, orig. proceeding).
III. CONCLUSION
         We do not have jurisdiction to address appellant’s challenges to the transfer
orders in an interlocutory appeal. Accordingly, we dismiss this appeal for lack of
jurisdiction and dismiss the pending motion to dismiss as moot.          
    


 
 
                                                                        Rogelio Valdez,
                                                                        Chief Justice


Concurring and dissenting opinion by Justice Castillo.

Opinion delivered and filed
this 16th day of June, 2004.