IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00306-CV

 

The City of College Station, Texas,

                                                                      Appellant

 v.

 

The Wellborn Special Utility District,

                                                                      Appellee

 

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 03-002098-CV-85

 



MEMORANDUM  Opinion










 

          The City of College Station annexed
land within Wellborn Special Utility District’s area to provide retail water
services.  Pursuant to an agreement made ten years earlier, the City began
attempts to provide retail water services to the newly annexed area.  Wellborn
filed an application for a cease and desist order from the Texas Commission on
Environmental Quality.  While that application was pending, the City filed a
lawsuit against Wellborn.  Wellborn filed a plea to the jurisdiction which, after
a hearing, was granted.  The City appeals.  Because the Commission has
exclusive jurisdiction over the claims pled in the City’s lawsuit, we affirm
the trial court’s judgment granting Wellborn’s plea to the jurisdiction.

          The City raised six claims in its
lawsuit against Wellborn.  Wellborn filed a plea to the jurisdiction alleging
that the Commission had exclusive, original jurisdiction of the City’s claims
and that the suit was barred by sovereign immunity.  The trial court granted
the plea to the jurisdiction without stating upon which of Wellborn’s arguments
it was relying.

          If an agency has exclusive
jurisdiction, a party must exhaust all administrative remedies before seeking
judicial review.  Subaru of America, Inc. v. David McDavid Nissan, Inc.,
84 S.W.3d 212, 221 (Tex. 2002).  Until then, a trial court lacks subject matter
jurisdiction.  Id.  Whether an agency has exclusive jurisdiction is a
question of law we review de novo.  Id. at 222.  

          There is no question that under
Chapter 13 of the Water Code, the Commission has exclusive, original
jurisdiction over water and sewer utility rates, operations, and services as
provided by that chapter.  Tex. Water
Code Ann. § 13.042(e) (Vernon 2000).  The question becomes whether the
City’s claims fall into these categories of rates, operations, and services.  

          Chapter 13’s primary purpose is to
“establish a comprehensive regulatory system that is adequate to the task of
regulating retail public utilities to assure rates, operations, and services
that are just and reasonable to the consumers and to the retail public
utilities.”  Id. § 13.001(c).  To accomplish that purpose, the Code
requires a retail public utility to obtain a certificate of public convenience
and necessity from the Commission before providing retail water or sewer
utility service to an area and provides a way for the certificate to be revoked
or amended.  Tex. Water Code Ann.
§§ 13.242(a), 13.254 (Vernon Supp. 2005).  And, even when an area that is
already being provided retail water or sewer utility by a retail public utility
is annexed by a municipality, the municipality may not provide water or sewer
service to the annexed area without a certificate.  Id. § 13.247(a). 
The Code further provides the manner in which a municipality may acquire a
certificate of an annexed area that is being provided water or sewer utility by
another entity.  Id. § 13.255.  Moreover, any agreement or contract
between retail public utilities designating areas to be served can be valid and
enforceable and incorporated into a certificate if approved by the Commission. 
Tex. Water Code Ann. §§ 13.248,
13.255(a) (Vernon 2000 & Supp. 2005).

          The Code also provides that any party
to a proceeding before the Commission is entitled to judicial review under the
substantial evidence rule.  Tex. Water
Code Ann. § 13.381 (Vernon 2000).  And any party that is aggrieved by a
final order pertaining to certification in an annexed area may appeal to the
district court of Travis County.  Id. § 13.255(e) (Vernon Supp. 2005). 
The Commission may assess administrative penalties, issue “cease and desist”
orders, issue injunctions and bring suit for the failure to follow its orders. 
 Id. §§ 13.4151, 13.252, 13.411, 13.414 (Vernon 2000).

          The City’s claims of breach of
contract, promissory estoppel, specific performance, and requests for a
declaratory judgment, an injunction, and attorneys’ fees are all predicated on
a determination that Wellborn allow the City to provide water utility service
to the newly annexed area within Wellborn’s service area.  That is a
determination of a service that can only be made by the Commission.  See
Tex. Water Code Ann. §§
13.042(e), 13.242(a), 13.255 (Vernon 2000 & Supp. 2005).  In other words,
the Commission has exclusive, original jurisdiction over that question, and the
City must exhaust its administrative remedies before filing suit.

          Therefore, the trial court did not err
in granting Wellborn’s plea to the jurisdiction on the argument that the
Commission had exclusive, original jurisdiction of the City’s claims.  Because
the trial court’s judgment is supported by evidence regarding one argument
raised by Wellborn in its plea, we need not determine whether the trial court
was correct in granting the plea on any other argument raised by Wellborn.  See
e.g. Western Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005); see also Britton v. Tex. Dep't of Crim. Justice, 95 S.W.3d 676,
681-82 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

          The trial court’s judgment is
affirmed.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

(Justice
Vance dissents from the judgment with a note)*

Affirmed

Opinion
delivered and filed July 26, 2006

[CV06]

 

*(Note
by Justice Vance:  “I agree with the City of College Station that the City’s
claims include common law causes of action over which the trial court has
jurisdiction.  See BCY Water Supply corp. v. Residential Inv., Inc.,
170 S.W.3d 596, 601 (Tex. App.—Tyler 2005, pet. denied).  Because the trial
court has jurisdiction over the City’s common law claims, the plea to the
jurisdiction should have been denied.  See Aledo I.S.D. v. Choctaw
Properties, LLC, 17 S.W.3d 260, 262 (Tex. App.—Waco 2000, no pet.) (“If the
district court has jurisdiction of any claim as alleged in a reasonable
interpretation of the plaintiff’s petition, then the trial court has
jurisdiction of that claim and over that particular defendant . . . .).  I note
that while this appeal has been pending the TCEQ dismissed an administrative
action filed by Wellborn SUD which asserted the 1992 contract as a basis for
relief.  Tex. Comm’n Environmental
Quality, Request of Wellborn Special Utility District for a Tex. Water Code § 13.252 Cease and Desist Order against the City of College Station,
Docket No. 2003-1518-UCR, SOAH Docket No. XXX-XX-XXXX (March 15, 2005) (Final
Order Denying Request).”)