Joseph L. SPEER Et Ux., Petitioners,

v.

James Dewey STOVER, Individually and As Community Survivor In the Estate of Melba Imogene Stover, Deceased, Respondent.

No. C–3668.

Supreme Court of Texas.

Feb. 6, 1985.

Joseph Chacon, Jr., San Antonio, for petitioners.

Carter & Van Steenberg, Virginia Kazen Van Steenberg, San Antonio, for respondent.

### ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

The question presented for review is whether the order sustaining James Stover's misnomered plea in abatement is final and appealable. In an unpublished opinion, the court of appeals held that the plea was interlocutory and dismissed the appeal for want of jurisdiction. We reverse the judgment of the court of appeals and remand the cause to that court.

During the pendency of the administration of the Estate of Melba Stover in the probate court, the Speers filed this action in district court seeking specific performance of a real estate contract which allegedly required Stover to convey his community half of a house as well as his deceased wife's community half, and alternatively seeking actual and exemplary damages exceeding $100,000 for fraud.

Stover filed a "plea in abatement" contending that this cause should be dismissed because it concerns matters incident to the estate of Melba Stover, and, therefore, the county court has original jurisdiction. The trial court agreed with Stover and sustained his "plea in abatement." In his findings of fact and conclusions of law, the trial judge concluded that the district court lacked subject matter jurisdiction over this action. The Speers appealed on the merits, but the court of appeals dismissed the appeal as interlocutory and unappealable.

 Stover's plea was, in actuality, a "plea to the jurisdiction" and not a "plea in abatement." Pleas in abatement and pleas to the jurisdiction have different objectives and different results. Sustaining a plea to the jurisdiction requires dismissal; sustaining a plea in abatement requires that the claim be abated until removal of some impediment. *Texas Highway Department v. Jarrell*, 418 S.W.2d 486, 488 (1967). In this case no obstacle or impediment stands in the way of proceeding. Instead, the trial court found that it lacked subject matter jurisdiction. A plea to the jurisdiction would have been the appropriate plea in this instance. Stover's misnomer has no effect on the disposition of this case. *See* TEX.R.CIV.P. 71; *Texas Highway Department v. Jarrell.*

Since the trial court concluded that it lacked subject matter jurisdiction, we hold that the order sustaining the plea was final and appealable. Pursuant to TEX.R. CIV.P. 483, and without hearing oral argument, we reverse the judgment of the court of appeals and remand this cause to that court for its consideration of the merits.