cv4-298.goodson 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-94-00298-CV







George Goodson, Appellant



v.



Randol L. Stout, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. CV93-1197-A, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING







PER CURIAM



 George Goodson appeals from the take-nothing judgment against his claims arising
out of Randol L. Stout's performance as Goodson's defense attorney in a criminal prosecution. 
We will affirm the judgment.


BACKGROUND


 Goodson hired Stout to defend him against indictments for drug-related offenses
enhanced by prior felonies. Stout represented Goodson for a few months in 1989. After Stout
was replaced as counsel, Goodson was convicted in both cases and sentenced to consecutive terms
of life and ninety-nine years.

 Goodson sued Stout, charging him with negligence, gross negligence, deceptive
trade practices, and breach of contract. Goodson alleged that Stout failed to adequately advise
him of the law, failed to file pretrial motions of consequence, falsely promised to negotiate a plea
bargain, failed to investigate the facts, and failed to represent him at trial on October 16, 1989 in
Cause No. CR89-0223-B or March 16, 1990 in Cause No. CR89-0224-B. He pleaded that he did
not discover these violations until August 15, 1993.

 Stout moved to dismiss Goodson's claims on statute-of-limitations grounds. He
attached trial court orders showing his dates of appearance (June 9, 1989) and replacement
(September 6, 1989) as Goodson's counsel of record in Cause No. CR89-0224-B. He also
submitted an order of substitution dated September 6, 1989 showing that Jack Bundrant, not Stout,
represented Goodson in Cause No. CR89-0223-B during this time period. Stout contended that
the two- and four-year statutes of limitations barred all of Goodson's claims.

 Goodson responded by reiterating his 1993 discovery date. He argued that he could
not have discovered the malfeasance earlier. He submitted no proof. He later moved for a
continuance and attached an affidavit attempting to show his entitlement to the discovery rule.

 The court's final order provides that the "[p]laintiff failed to show a cause of action
against Defendant, and it is ORDERED that Plaintiff take nothing in all alleged causes of action."



DISCUSSION


 Because Stout based his motion for dismissal on an affirmative defense and
provided proof, the motion required determination of the existence of factual issues. We therefore
will review it as a motion for summary judgment. See Speer v. Stover, 685 S.W.2d 22, 23 (Tex.
1985); J.M. Huber Corp. v. Santa Fe Energy Resources, Inc., 871 S.W.2d 842, 844 (Tex.
App.--Houston [14th Dist] 1994, no writ). Goodson raises six meritless points of error against the
judgment.

 By three points of error, Goodson complains about the summary nature of the
proceedings below. He contends that the trial court erred by entering a take-nothing judgment
without hearing evidence or allowing him to appear in court and prove the timeliness of his filing. 
The court did not deny Goodson the opportunity to submit evidence. He failed to submit any
evidence in his response to Stout's motion and evidence; the affidavit attached to his motion for
continuance is not within the scope of our review of Stout's motion. See McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993) (appellate court can consider only those
issues presented to the trial court in the motion or in the response to the motion). There is no
showing that the court failed to consider the evidence submitted with the motion and response. 
Neither does the appellate record show that the court denied a request by Goodson to appear; it
shows only that the court denied his motion for continuance. Goodson's complaint about the
court's refusal to let him call witnesses is unfounded; no one can call witnesses at a summary-judgment hearing. See Tex. R. Civ. P. 166a(c). We overrule points one, two, and four. 

 Goodson complains by point of error three that the court erred by not specifying
in its judgment which statute of limitations it employed to dismiss the case. Stout contended by
his motion to dismiss that all of Goodson's claims were barred under the two- and four-year
statutes of limitations. The court's statement that Goodson had shown no cause of action and
should take nothing by his causes of action clearly implies that Goodson's causes of action did not
survive under either statute of limitations. Goodson has shown neither error nor harm. We
overrule point three.

 Goodson complains by point five of the trial judge's refusal to recuse herself. 
Goodson never requested that the trial judge recuse herself. A motion for recusal was filed by
intervenors, but its substance asks for the recusal of other district judges. The action of which
Goodson complains did not occur. We overrule point five.

 Point six, which asks us to take judicial notice of the errors presented, does not
present error by the trial court. We overrule point six.



CONCLUSION


 We overrule all the points of error. We affirm the judgment.



Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: November 1, 1995

Do Not Publish



o dismiss Goodson's claims on statute-of-limitations grounds. He
attached trial court orders showing his dates of appearance (June 9, 1989) and replacement
(September 6, 1989) as Goodson's counsel of record in Cause No. CR89-0224-B. He also
submitted an order of substitution dated September 6, 1989 showing that Jack Bundrant, not Stout,
represented Goodson in Cause No. CR89-0223-B during this time period. Stout contended that
the two- and four-year statutes of limitations barred all of Goodson's claims.

 Goodson responded by reiterating his 1993 discovery date. He argued that he could
not have discovered the malfeasance earlier. He submitted no proof. He later moved for a
continuance and attached an affidavit attempting to show his entitlement to the discovery rule.

 The court's final order provides that the "[p]laintiff failed to show a cause of action
against Defendant, and it is ORDERED that Plaintiff take nothing in all alleged causes of action."



DISCUSSION


 Because Stout based his motion for dismissal on an affirmative defense and
provided proof, the motion required determination of the existence of factual issues. We therefore
will review it as a motion for summary judgment. See Speer v. Stover, 685 S.W.2d 22, 23 (Tex.
1985); J.M. Huber Corp. v. Santa Fe Energy Resources, Inc., 871 S.W.2d 842, 844 (Tex.
App.--Houston [14th Dist] 1994, no writ). Goodson raises six meritless points of error against the
judgment.

 By three points of error, Goodson complains about the summary n