Stanley KUBOVY, Appellant,

v.

CYPRESS–FAIRBANKS INDEPENDENT
SCHOOL DISTRICT, Appellee.

No. 14–96–01146–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 18, 1998.

Stanley Kubovy, pro se.

Monica M. McCoy, Houston, for appellee.

Before YATES, EDELMAN and O'NEILL, JJ.

## OPINION

EDELMAN, Justice.

In this tax collection case, Stanley Kubovy appeals a default judgment granted in favor of Cypress–Fairbanks Independent School District (the "District") on the grounds that the trial court erred in: (1) denying his plea in abatement; (2) rendering judgment for foreclosure of appellant's property where the court lacked subject matter jurisdiction; (3) denying appellant's motion to set aside the default judgment and motion for new trial; and (4) denying appellant's appeal to the referring court. We affirm as modified.

## Background

The District sued Kubovy for delinquent property taxes, and Kubovy filed a pro se

answer and supplemental answer. According to a tax master's report filed July 2, 1996 (the "July 2 Report"), the case was called for trial on April 4, 1996, Kubovy did not appear, and a tax master's report on April 4 (the "April 4 Report") recommended entry of judgment in favor of the District. On April 9, the district judge signed a judgment against Kubovy for unpaid property taxes.

On May 3, Kubovy filed a verified motion to set aside the default judgment or, in the alternative, a motion for new trial. In this motion, Kubovy stated that the reason for his default was his attorney's instruction not to appear because his attorney would work out a payment schedule. This motion was denied by the trial court on May 31.[1] On June 6, Kubovy filed an appeal of the tax master's recommendation to the referring court and a plea in abatement based on his filing that day of an affidavit pursuant to section 33.06 of the Texas Tax Code.

The July 2 Report also states, among other things, that: (1) Kubovy failed to file a timely or proper appeal of the April 4 Report; (2) it was unclear under the law whether collection of delinquent taxes could be abated after judgment is signed; and (3) Kubovy had failed to establish that the property in question was a residence homestead eligible for the abatement remedy. In accordance with the July 2 Report's recommendation, the District Judge entered an order on July 15 that all relief requested by Kubovy be denied.[2]

## Abatement

Kubovy's first point of error argues that the Tax Master's erred in denying his post-judgment plea in abatement as untimely be-

cause: (a) he met the conditions of section 33.06 of the Texas Tax Code; (b) that section provides no time limit for filing the plea; and (c) the abatement remedy therein is mandatory even if the plea in abatement is filed post-judgment.

■ On appeal, a trial court's denial of abatement is reviewed for abuse of discretion.[3] Section 33.06 provides, in part:

(a) An individual is entitled to ... abate a suit to collect a delinquent tax if he is 65 or older and he owns and occupies as a residence homestead the property on which the tax subject to the suit is delinquent.

\*   \*   \*   \*   \*   \*

(c) To obtain an abatement, the individual must file in the court *in which suit is pending* an affidavit stating the facts required to be established by Subsection (a) of this section. If no controverting affidavit is filed by the taxing unit filing suit or if, after a hearing, the court finds the individual is entitled to the deferral, the court shall abate the suit until the individual no longer owns and occupies the property as a residence homestead.[4]

■ Section 33.06(c) does not place a time limit on when the affidavit must be filed but requires only that the affidavit be filed in the court in which suit is *pending*. A cause is considered to be pending in a trial court even after a final judgment is entered so long as the trial court retains its plenary power to vacate or modify the judgment or to grant a motion for new trial under Rule 329b of the Texas Rules of Civil Procedure.[5] Moreover,:

---

1. Neither the order denying the motion for new trial nor the July 2 report state the reason for denying the motion for new trial.

2. The failure to appeal to the referring court a master's report that is approved by the referring court does not deprive any party of the right to appeal to a court of appeals or the Texas Supreme Court. *See* TEX. TAX CODE ANN. § 33.74(i) (Vernon 1992).

3. *See Dolenz v. Continental Nat'l Bank,* 620 S.W.2d 572, 575 (Tex.1981).

4. TEX. TAX CODE ANN. § 33.06 (Vernon 1992) (emphasis added).

5. *See Ex parte Godeke,* 163 Tex. 387, 355 S.W.2d 701, 703–704 (1962); TEX.R. CIV. P. 329b(e); *see also Schwartz v. Jefferson,* 520 S.W.2d 881, 885–86 (Tex.1975) (holding that a suit is no longer "pending" after it has proceeded to a final judgment from which no appeal was perfected); *Burroughs v. Leslie,* 620 S.W.2d 643, 644 (Tex.Civ. App.—Dallas 1981, writ ref'd n.r.e.) (holding that while a judgment is subject to the trial court's plenary power under Rule 329b, it establishes no vested right which is subject to due process protection).

If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever comes first.[6]

In this case, Kubovy filed his section 33.06(c) affidavit with the trial court on June 6, 1996, three days after the court denied his motion for new trial and thus during the period in which the trial court retained plenary power under Rule 329b(e).[7] Therefore, the affidavit was filed while the cause was still pending.

Kubovy's affidavit states, in accordance with section 33.06(a), that he is 65 years of age or older and that he owns and occupies as his homestead the property described in the affidavit, which is the property on which the tax subject to the suit is delinquent.[8] The District did not file a controverting affidavit. Thus, under section 33.06(c), regardless whether or when Kubovy's *plea* in abatement was filed,[9] the court was required to abate the suit until Kubovy no longer owns and occupies the property as a residence homestead.[10] Therefore, Kubovy's first point of error is sustained.

### Subject Matter Jurisdiction

Kubovy's second point of error argues that, because section 33.06 is jurisdictional, his filing of a section 33.06 affidavit barred any further action by the trial court in the lawsuit. Because we have sustained point of error one seeking an abatement, we need not again address whether the trial court may take any further action in the case, but only whether filing the section 33.06 affidavit deprived the trial court of subject matter jurisdiction.

Subject matter jurisdiction refers to the court's power to hear and determine cases of the general class to which a particular one belongs.[11] As a general rule, once jurisdiction is properly acquired by a court, no later fact or event can defeat it.[12] Sustaining a plea to the jurisdiction requires dismissal of the claim.[13] By contrast, a plea in abatement merely sets forth some obstacle to further prosecution of the case.[14] Sustaining a plea in abatement thus requires abatement of the claim until the obstacle or impediment is removed.[15]

In this case, Kubovy does not contend that the trial court lacked subject matter jurisdiction to hear the tax collection case when it was filed, but only after his section 33.06 affidavit was filed. However, the assertion of a matter warranting abatement, such as the filing of a section 33.06 affidavit, does not deprive a court of its subject matter jurisdiction over the case.[16] Therefore, although we agree that the trial court could properly take no further action in the case after Kubovy's section 33.06 affidavit was

---

6. Tex R. Civ. P. 329b(e).

7. *See* Tex R. Civ. P. 329b(e).

8. *See* Tex. Tax Code Ann. § 33.06(a) (Vernon 1992).

9. Generally, a plea in abatement must be raised in a timely manner or it is waived. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988). In this case, however, the means and manner of abatement are established by the Tax Code. Section 33.06(c) does not require an individual to file an actual plea in abatement in order to obtain abatement. *See* Tex. Tax Code Ann. § 33.06(c) (Vernon 1992). Instead, it requires only that a proper affidavit be filed while suit is pending. *See id.* Therefore, because Kubovy was not required to file a plea in abatement, the timeliness of the plea he filed has no bearing on his entitlement to abatement apart from the filing of his affidavit.

10. *See id.* § 33.06(c).

11. *See Deen v. Kirk*, 508 S.W.2d 70, 72 (Tex. 1974).

12. *See Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex.1996).

13. *See Speer v. Stover*, 685 S.W.2d 22, 23 (Tex. 1985).

14. *See Union Pacific Fuels, Inc. v. Johnson*, 909 S.W.2d 130, 134 (Tex.App.—Houston [14th Dist.] 1995, no writ).

15. *See Speer*, 685 S.W.2d at 23.

16. *See id.*

filed, we do not agree that filing the affidavit defeated the trial court's subject matter jurisdiction. Accordingly, we overrule point of error two.

### Motion for New Trial

■ Kubovy's third point of error argues that the trial court erred in denying his motion for new trial because: (a) he had a meritorious defense by way of his entitlement to abatement of the case; (b) his failure to appear was due to the failure of his attorney to represent him at the proceeding; and (c) the denial of his motion was a violation of his constitutional rights to counsel and procedural due process.

■ Following a default judgment, the defaulting party is entitled to be granted a new trial only where: (1) the failure to appear was not intentional or the result of conscious indifference on the defaulting party's part, but was due to accident or mistake; (2) the motion for new trial sets up a meritorious defense;[17] and (3) the motion is filed at a time when its granting will occasion no delay or injury to the plaintiff.[18] These requirements apply to both no-answer and post-answer default judgments.[19] A trial court's decision to grant or deny a motion for new trial will not be disturbed on appeal without a showing of abuse of discretion.[20] However, a trial court abuses its discretion by failing to grant a new trial when all three elements are met.[21]

In this case, Kubovy argues on appeal that his entitlement to a deferral under section 33.06 constituted a meritorious defense. However, regardless whether that entitlement constituted an actual defense, as such,

or merely a ground for abatement, Kubovy's motion for new trial raised no defense based on deferral[22] or otherwise.[23] Because the motion thereby failed to satisfy an element required for new trial to be granted, Kubovy has not established that the trial court abused its discretion in denying that motion.

■ Kubovy further argues that he was denied his rights to counsel and to an opportunity to be heard by the fraud of his former attorney and that those rights are "so inextricably interwoven to the procedural due process clause of the fourteen [sic] amendment that [they] should not be conditioned on the requirement of a meritorious defense." Kubovy cites and we are aware of no authority holding that due process is violated by the misconduct of retained counsel in a civil case. Nor does Kubovy explain how granting a new trial could have served any useful purpose if he could not establish a meritorious defense.

As to the alleged fraud by his attorney, Kubovy's prior awareness of the April 4 court date is established by the statement in his motion for new trial that his attorney instructed him not to appear at that court date. Two affidavits in support of the motion state that Kubovy's attorney told him that the attorney would meet with the District's lawyers, arrange a tax pay-out, and finance the debt by taking a security interest in Kubovy's property. However, Kubovy does not explain how his forbearance from taking further action in reliance on this representation could be reasonable in that: (1) there could be no assurance that the two sides would actually reach agreement before the court date; and (2) Kubovy acknowledges

---

17. A movant is not required to set up a meritorious defense if he did not receive notice of the trial setting. *See LBL Oil Co. v. Int'l Power Services, Inc.,* 777 S.W.2d 390, 390–91 (Tex. 1989); *see also Estate of Pollack v. McMurrey,* 858 S.W.2d 388, 395 (Tex.1993). Kubovy does not allege a lack of any required notice in this case. Moreover, as discussed below, his motion for new trial affirmatively reflects his actual knowledge of the April 4 trial date.

18. *See Director,* 889 S.W.2d at 268.

19. *See id.*

20. *See id.*

21. *See id.*

22. This is presumably because his motion for new trial was filed on May 3 and denied on May 31, whereas his section 33.06 affidavit was not filed with the trial court until June 6.

23. Whether or not Kubovy's complaint of his attorney's failure to appear at trial might have satisfied the requirement for lack of intentional disregard or conscious indifference, it does not constitute a defense to the underlying tax collection action.

having received no indication from his attorney by the court date that the matter had been resolved. Under these circumstances, Kubovy has shown no denial of due process. Because his third point of error therefore fails to demonstrate any error by the trial court, it is overruled.

### Appeal to Referring Court

 Kubovy's fourth point of error argues that the trial court erred in denying his appeal to the referring court as untimely because that appeal was not from the post-answer default judgment but from the denial of his motion for new trial.

In delinquent tax suits, a district court may appoint a master in chancery to perform all of the duties required by the court.[24] If, after a hearing, a master recommends a final judgment, notice of the right to appeal to the judge of the referring court must be given to all parties.[25] This notice may be given in open court or by first class mail.[26] Any party is entitled to a hearing by the judge of the referring court if the party files an appeal of the master's report with the referring court within ten days after the master gives notice of the right to appeal.[27] The first day of the appeal time to the referring court begins on the date after the date on which the master gives notice.[28]

Kubovy has cited and we have found no authority indicating that a right of appeal to the referring court exists with regard to a master's report recommending anything other than a final judgment, such as denial of a motion for new trial. Nor does the July 2 Report, recommending denial of Kubovy's motion for new trial, purport to recommend a final judgment. Therefore, Kubovy has not established that the filing of his appeal on June 6 was timely, and his fourth point of error is overruled. Accordingly, we: (1) affirm the trial court's judgment; (2) reverse the portion of the trial court's July 15, 1996

order denying abatement; (3) order the case abated as to any post-judgment action or proceedings in accordance with section 33.06 of the Tax Code; and (4) affirm the remainder of the trial court's July 15, 1996, order.

---

24. *See* Tex. Tax Code Ann. § 33.71(a) (Vernon 1992).

25. *See id.* § 33.72(c).

26. *See id.* § 33.74(b).

27. *See id.* § 33.74(a).

28. *See id.* If given by first class mail, notice is considered to have been given on the third day after the date of mailing. *See id.* § 33.74(b). As noted above, Kubovy does not allege a lack of any required notice in this case.