NUMBER 13-01-469-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MERCEDES MONROY FIDALGO, Appellant,


v.



JAIME MANSUR GALAN, Appellee.

 


On appeal from the 197th District Court of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Castillo


Opinion by Justice Yañez
 



 Appellant Mercedes Monroy Fidalgo challenges the trial court's order dismissing her
divorce suit against Jaime Mansur Galan for want of jurisdiction. We affirm.

I. Background

 Fidalgo and Galan were married on January 12, 1985 in Brownsville, Texas. At the
time of their marriage and at all previous times, they were residents and citizens of Mexico. 
For a period from July 1988 until approximately June 1990, the couple resided in Rancho
Viejo, Texas. Afterwards, they moved back to Mexico. They ceased to live together as
husband and wife on or about September 12, 1997.

 On February 10, 1998, Fidalgo filed for divorce in Mexico. On May 26, 1998, the
divorce court in Mexico rendered a decree of divorce. In the summer of 1998, Fidalgo
moved back to Rancho Viejo, while Galan remained in Mexico.

 On January 29, 1999, Fidalgo filed an original petition for divorce in Cameron
County, Texas. On April 30, 1999, Fidalgo obtained a no-answer default judgment. On
October 16, 2000, Galan filed a petition for bill of review. He reasserted a motion objecting
to jurisdiction (1) that had been received by the court and filed in the divorce case before the
default judgment hearing. Due to a mistake, the motion was not before the trial judge
when the default judgment was signed. On June 15, 2001, the trial court granted the bill
of review, sustained Galan's motion, and dismissed the underlying divorce suit.

II. Applicable Law

A. Bill of Review

 "A bill of review is an equitable proceeding brought by a party seeking to set aside
a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." 
Caldwell v. Barnes, 975 S.W.2d 535, 537 (Tex. 1998); see Tex. R. Civ. P. 329b(f). To
succeed in a bill of review, the petitioner must plead and prove: (1) a meritorious defense
to the cause of action alleged to support the earlier judgment; (2) which the petitioner was
prevented from asserting due to official mistake or fraud, accident, or wrongful act of the
opponent; (3) unmixed with any fault or negligence on the part of the petitioner. See
Caldwell, 975 S.W.2d at 537; Palomin v. Zarsky Lumber Co., 26 S.W.3d 690, 693 (Tex.
App.-Corpus Christi 2000, pet. denied).

B. Plea to the Jurisdiction

 A plea to the jurisdiction challenges the trial court's subject matter jurisdiction. 
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Subject matter
jurisdiction concerns the court's "power to hear and determine cases of the general class
to which the particular one belongs." Middleton v. Murff, 689 S.W.2d 212, 213 (Tex. 1985). 
"Subject matter jurisdiction requires that the party bringing the suit have standing, that
there be a live controversy between the parties, and that the case be justiciable." State Bar
of Texas v. Gomez, 891 S.W.2d 243, 245 (Tex. 1994). "[S]ubject matter jurisdiction is
essential to a court's power to decide a case." Blue, 34 S.W.3d at 554. "[S]ubject matter
jurisdiction is not presumed and cannot be waived." Continental Coffee Prods. Co. v.
Cazarez, 937 S.W.2d 444, 449 n.2 (Tex. 1996). If a court lacks subject matter jurisdiction,
its judgment is not final. Dubai Pet. Co. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2000). Thus, "[a]
judgment is void," not just voidable, "when it is apparent that the court rendering judgment
had . . . no jurisdiction of the subject matter." Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703
(Tex. 1990).

 When another court has continuing and exclusive jurisdiction, a plea to the
jurisdiction is the proper procedural tool to challenge the suit brought to the second court. 
Jansen v. Fitzpatrick, 14 S.W.3d 426, 430-31 (Tex. App.-Houston [14th Dist.] 2000, no
pet.). "The goal of the plea to the jurisdiction is to have the trial court dismiss the cause
of action." Id. (citing Speer v. Stover, 685 S.W.2d 22, 23 (Tex. 1985)).

 Here, Galan's first-filed pleading was captioned "Special Appearance to Present
Motion Objecting to Jurisdiction" and supported by an affidavit. In the motion, in addition
to challenging the trial court's personal jurisdiction, Galan also argues that Fidalgo "has
previously filed a divorce action . . . and has already secured a divorce . . . . Therefore,
jurisdiction over this Defendant by this Court is not available." He further requests that "the
entire proceeding be dismissed for want of jurisdiction." In addition to the personal
jurisdiction challenge indicated by its title, we construe the motion to include a plea to the
jurisdiction. The motion challenges the court's subject matter jurisdiction. Its goal is
dismissal. To the extent the motion's title is a "misnomer," it "has no effect on the
disposition of this case." Speer, 685 S.W.2d at 23; see Tex. R. Civ. P. 71.

 "[S]ubject matter jurisdiction is a question of law." Nueces County v. Huff, 105
S.W.3d 208, 211 (Tex. App.-Corpus Christi 2003, no pet.). Accordingly, "[w]e review the
trial court's ruling on a plea to the jurisdiction under a de novo standard of review." Id. 

III. Analysis

 Fidalgo contends that the trial court erred in granting the bill of review, sustaining
the motion objecting to jurisdiction, and dismissing the underlying cause of action.

A. Bill of Review

 The trial court concluded: (1) the original court's rendition of the divorce decree was
erroneous because Galan had filed a motion objecting to jurisdiction; (2) the motion was
not considered because it was not in the original court's file, as a result of an official
mistake; (3) Galan was not negligent in not presenting his motion; and (4) the motion and
supporting affidavit filed by Galan constituted a meritorious defense to the Texas divorce
action. We review de novo the trial court's conclusions of law on appeal, and these legal
conclusions "will be upheld . . . unless they are erroneous as a matter of law." Montanaro
v. Montanaro, 946 S.W.2d 428, 431 (Tex. App.-Corpus Christi 1997, no writ).

 Regarding the trial court's third conclusion, appellant contends appellee was
negligent in not pursuing the special appearance. Specifically, appellant argues that
appellee could have filed a motion for new trial or notice of appeal.

 "Ordinarily, a person must 'exercise due diligence to avail himself of all adequate
legal remedies against a former judgment' before filing a bill of review." Caldwell, 975
S.W.2d at 537 (quoting Tice v. City of Pasadena, 767 S.W.2d 700, 702 (Tex. 1989)). 
Appellee's counsel responds, as he did at the bill of review hearing, that he "was not aware
of the entry of default judgment for a period of about one year after its entry." The record
bears this explanation out, as the judgment indicates that copies were to be sent to
appellant's counsel and appellee, while appellee's counsel is not listed.

 The rules of civil procedure state, "All communications from the court . . . with
respect to a suit shall be sent to the attorney in charge." Tex. R. Civ. P. 8 (emphasis
added). Galan had an attorney, and the court was required to send notice to the attorney,
not Galan. Because appellee's counsel was not properly notified of the judgment, he was
prevented from filing a motion for new trial or appeal, as the time limits on those devices
had expired by the time counsel learned of the default. The trial court's conclusion that
appellee was not negligent is not erroneous as a matter of law.

 In sum, the trial court's second, third, and fourth conclusions of law demonstrate that
Galan proved the required elements of a bill of review (meritorious defense, official
mistake, no negligence). Accordingly, the trial court did not err by granting appellee's
petition for bill of review and subsequently considering his motion objecting to jurisdiction.

B. Plea to the Jurisdiction

 Fidalgo contends the trial court erred by granting Galan's motion objecting to
jurisdiction because "it is of no legal consequence that Fidalgo was a party to a divorce
proceeding in Mexico." However, appellant does not offer any authority in support of her
conclusory argument. See Tex. R. App. P. 38.1(h) ("The brief must contain a clear and
concise argument for the contentions made, with appropriate citations to authorities and
to the record."). Argument on this alleged error is deemed waived. See Trenholm v. Ratliff,
646 S.W.2d 927, 934 (Tex. 1984) (Points of error must be supported by argument and
authorities. If not so supported, the points are waived.).

 Moreover, considering the trial court's finding that "a previous divorce action had
been filed by [Fidalgo] in Mexico [that] resulted in the issuance of a divorce decree and
orders and relief identical to the relief sought in the Texas divorce action," subject matter
jurisdiction was lacking because there was no live controversy. Gomez, 891 S.W.2d at
245. Another court had jurisdiction. Jansen, 14 S.W.3d at 430-31. 

Conclusion

 The trial court properly granted Galan's petition for bill of review and sustained his
motion objecting to jurisdiction. Therefore, the trial court correctly dismissed the underlying
divorce suit. The judgment of the trial court is AFFIRMED.


 

 LINDA REYNA YAÑEZ

 Justice





Opinion delivered and filed this the

21st day of August, 2003.

1. Within his motion objecting to jurisdiction, entitled "Special Appearance to Present Motion Objecting
to Jurisdiction," appellant challenged both the trial court's personal jurisdiction and subject matter jurisdiction.