Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★   ★   ★   ★   ★   ★

**OPINION**

No. 04-08-00410-CV

**IN RE Z.G.J.**, J.E.J., and J.S.J., children

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-07624
Honorable Martha Tanner, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:   October 8, 2008

AFFIRMED

Appellants Texas Department of Family and Protective Services and Commissioner Carey

Cockrell (collectively "the Department") appeal from the trial court's denial of their plea to the

jurisdiction. We affirm.

### BACKGROUND

On April 5, 2008, Z.G.J., J.E.J., and J.S.J. were removed from their home on the Yearning

for Zion Ranch in El Dorado, Schleicher County, Texas. On April 17-18, 2008, the 51st Judicial

District Court, sitting in Schleicher County, held an adversary hearing, and at the conclusion of the

hearing, the court named the Department as the children's managing conservator. Several mothers,

including the mother of the children subject to this appeal, filed a petition for writ of mandamus

challenging the temporary orders entered by the Schleicher County district court. Their petition was ultimately successful, and on May 29, 2008, the Texas Supreme Court ordered the return of the children. *See In re Tex. Dep't of Family & Protective Servs.*, 255 S.W.3d 613, 615 (Tex. 2008). However, while the supreme court ordered the Schleicher County district court to vacate its current temporary orders, it also stated that the court "need not do so without granting other appropriate relief to protect the children." *Id.* Thus, on June 2, 2008, the Schleicher County district court ordered the return of the children but also ordered the parents of the children to comply with certain requirements.

During the same time period as the events described above, a separate proceeding was initiated in Bexar County by the children's father, Joseph Steed Jessop. On May 13, 2008, after learning that his children were physically located in Bexar County, Jessop filed a petition for writ of habeas corpus in Bexar County, seeking the immediate return of his children, Z.G.J., J.E.J., and J.S.J. In addition to seeking his children's return, he also asked the trial court to do the following:

(1)     to sign a final judgment granting his petition, finding that his children were illegally removed, awarding him and his wife "the right to permanent possession" of his children, permanently restraining and enjoining the Department "from taking any action, whether in any court or purported legal process or otherwise," and permanently restraining and enjoining the Department from "interfering" with his and his wife's rights to exercise the exclusive possession and control of his children;

(2)     in the event final orders are delayed, to issue a temporary injunction, returning his children to his possession and preventing the Department from "seeking an order from any court of coordinate jurisdiction [that] would contradict this Court's exclusive jurisdiction to determine the legality of the detention of the children at issue, and further preventing [the Department] from, in any manner whatsoever, interfering with the exclusive right of [Jessop] and his wife to the possession and control of the children at issue";

(3)     to sign a judgment awarding Jessop "necessary travel and personal expenses incurred by him in the relocation necessary to travel to seek recovery of the children"; and

(4)     to sign a judgment awarding reasonable and necessary attorney's fees, interest, and court costs.

Jessop also moved for emergency relief and was granted a temporary restraining order against the Department. Pursuant to an order signed on May 13, 2008, the Department was restrained from removing the children from Bexar County; from withholding knowledge of their location; from seeking any order from any court of coordinate jurisdiction that would interfere or contradict with the Bexar County court's "exclusive jurisdiction to determine the legality of the detention of such children"; from denying Jessop's wife the ability to breastfeed her infant son or from limiting or restricting her access to him; from preventing Jessop and his wife from having daily, supervised visits with their children; and from preventing Jessop and his wife from obtaining medical and psychological evaluations of the children.

In response to the habeas petition, the Department filed a "Plea to Venue and Jurisdiction of the Court, Motion for Summary Dismissal, Plea in Abatement, and Motion for Rule 13 Sanctions." Then, before the trial court heard the Department's plea or Jessop's habeas, the parties entered into a Rule 11 Agreement, which provided that during the pendency of the agreement and for ten days thereafter, the Jessops would have possession and control of the children, subject to certain conditions.[1] The agreement also provided that during its pendency and ten days thereafter, the Department would take no action, including filing pleadings and seeking orders from any other court

---

[1] These conditions included maintaining a residence in Guadalupe County, Texas; allowing the Department to inspect the location; allowing the children to travel in the control of their parents or grandparents only within Guadalupe County and the contiguous counties; allowing CASA and ad litem attorneys for the children to visit upon reasonable notice; and allowing a CPS caseworker to visit daily with the children.

of coordinate jurisdiction, that "would restrict, constrain, or attempt to control [Jessop] and his wife in their exclusive control of the children at issue." And, the agreement provided that it would expire upon any of the following events:

(1)     If the orders signed by the Schleicher County district court "respecting these children [were] vacated; in such event, [the Department] shall immediately inform [Jessop]'s counsel of such event, and [Jessop] and his family are released from all restrictions imposed by this agreement"; and

(2)     If the orders signed by the Schleicher County district court are upheld by the Texas Supreme Court, this agreement shall expire ten days thereafter.

Pursuant to this agreement, Jessop's children were returned to his care.

Then, as explained above, on June 2, 2008, the Schleicher County district court, although vacating its prior temporary orders, signed new temporary orders requiring the parents to comply with certain conditions. In response to the Schleicher County district court's order, Jessop amended his habeas petition here in Bexar County, adding a breach of contract claim. According to Jessop, the Department breached the Rule 11 Agreement by appearing in Schleicher County and obtaining the issuance of the June 2nd temporary orders.

On June 9, 2008, the Bexar County district court heard Jessop's petition for writ of habeas corpus and injunctive relief and the Department's plea to the jurisdiction. At the hearing, the Department argued that the court should dismiss Jessop's habeas petition for the following reasons: (1) because his children had been returned to him, his habeas petition was moot; and (2) a court of dominant jurisdiction (the one in Schleicher County) exists. The Bexar County district court found that the plea was, in substance, a motion to dismiss as moot and denied the motion. The Department then immediately filed with the trial court its notice of interlocutory appeal and notice of automatic

stay pursuant to section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. Thus, the trial court stayed the proceedings and declined to hear Jessop's petition for writ of habeas corpus. However, the trial court did grant Jessop's request for a temporary restraining order. The temporary restraining order prevents the Department "from taking any action to restrain, constrain, control or limit the conduct of [Jessop] and his family based on the "Temporary Orders" of the 51st District Court of Schleicher County, Texas," or from attempting to punish Jessop "on the basis of alleged violation of such orders." The restraining order also prevents the Department from removing or attempting to remove the children from Jessop's possession and from entering the family home without permission.

The Department now appeals the trial court's denial of its plea to the jurisdiction.[2]

### DISCUSSION

*A.     Dominant Jurisdiction*

On appeal, the Department argues that the Bexar County district court should have granted its plea to the jurisdiction because the Schleicher County district court has dominant jurisdiction. The Department contends that because the suit in Schleicher County was filed first, it should be the one to proceed. We, however, have no jurisdiction to consider this argument in an interlocutory appeal.

We lack jurisdiction to review an interlocutory order unless a statute specifically authorizes such an appeal. *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000). Here, the Department argues that we have jurisdiction because the trial court denied its plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE § 51.014 (a)(8) (Vernon 2008). We, however, look not to the title of a document, but its substance. *See Speer v. Stover*, 685 S.W.2d 22, 23 (Tex. 1985).

---

[2] After the briefs in this appeal were filed, the Department nonsuited its case in Schleicher County.

The Department argued in its plea to the jurisdiction that the Bexar County case should be dismissed because the Schleicher County district court had dominant jurisdiction. However, questions of dominant jurisdiction cannot be brought in a plea to the jurisdiction, but should instead be brought in a plea in abatement. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988); *In re Graybar Elec. Co.*, No. 13-08-00073-CV, 2008 WL 3970865, at *8 & n.14 (Tex. App.—Corpus Christi Aug. 26, 2008, orig. proceeding). Thus, although the Department's plea was titled a plea to the jurisdiction, it was in substance a plea in abatement.

We do not have jurisdiction to review an interlocutory order denying a plea in abatement. *See Graybar*, 2008 WL 3970865, at *8 & n.14; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon 2008) (not granting interlocutory appellate jurisdiction over a denial of a plea in abatement). Instead, disputes over dominant jurisdiction may be resolved through a mandamus proceeding.[3] *See Perry v. Del Rio*, 66 S.W.3d 239, 258 (Tex. 2001). Thus, we will not address the Department's dominant jurisdiction arguments in this interlocutory appeal.

B.      *Mootness*

The Department also argued in its plea to the jurisdiction that because Jessop had possession of his children, the habeas proceeding was moot and should be dismissed. Because mootness implicates subject-matter jurisdiction, *Pantera Energy Co. v. R.R. Comm'n*, 150 S.W.3d 466, 471 (Tex. App.—Austin 2004, no pet.), it is properly before the court in a plea to the jurisdiction, *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Therefore, we have jurisdiction to consider whether the Department's plea should have been granted because the habeas is moot.

---

[3] We note the Department has filed a motion to dismiss its petition for writ of mandamus in Appeal No. 04-08-00499-CV.

At the time of the hearing, Jessop's live habeas petition included a request for a permanent injunction, claims for damages and attorney's fees, and a claim for breach of the Rule 11 Agreement entered into by both Jessop and the Department. Despite these pending claims, the Department argued that Jessop's entire case should be dismissed.

Without commenting on whether Jessop could properly maintain claims for a permanent injunction, damages, and attorney's fees in a habeas proceeding, we note that, at the very least, Jessop's claim for breach of the Rule 11 Agreement could be properly brought in the Bexar County court. *See Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (explaining that when a dispute arises over a Rule 11 agreement while the trial court still has plenary power over the case, a claim to enforce the agreement should be asserted in that court under the original cause number).

Further, we note that after the briefs in this appeal were filed, Jessop filed a letter with this court, informing us that the Department has nonsuited its claims in Schleicher County. Indeed, on August 28, 2008, the Department filed, in the 51st Judicial District Court in Schleicher County, a "Notice of Nonsuit of Suits Affecting Parent-Child Relationship Relating to Z.G.J., J.E.J., and J.S.J., Children." On that same day, the trial court signed an order granting the nonsuit and dismissing the suits affecting the parent-child relationship. Thus, there is no longer any case relating to Jessop's children pending in Schleicher County. And, as the Department voluntarily dismissed the suit in Schleicher County, the Schleicher County district court is not the court of continuing, exclusive jurisdiction over matters relating to the children. *See* TEX. FAM. CODE ANN. § 155.001 (Vernon 2002) (explaining that a court acquires continuing, exclusive jurisdiction only on rendition of a final order unless the final order relates to a voluntary dismissal of the suit). There being no court of

continuing, exclusive jurisdiction, Jessop could now properly file any claim relating to the children that he desired in Bexar County. Thus, even if Jessop's habeas pleadings were defective, he should be given an opportunity to amend his pleadings to correct any defect. *See County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

## CONCLUSION

With regard to the Department's mootness argument, we affirm the trial court's order denying the Department's plea to the jurisdiction.

Karen Angelini, Justice