ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 26, 2010

The Honorable Burt Solomons
Chair, Committee on State Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0787

Re: Whether a property tax lien lender may exercise a right of forced sale after a property owner who has filed a deferment of taxes attains the age of 65 (RQ-0857-GA)

Dear Representative Solomons:

You ask about the application of Tax Code section 33.06, which allows deferred collection of taxes on the residence homesteads of elderly or disabled persons, where "a property tax loan [is] issued to an individual prior to [the individual] being 65 years of age."[1] Specifically, you question whether a property tax lender "with a property lien secured by a priority lien, with the power to force sale, perfected prior to the owner's 65th birthday" has the right to continue collections and force a sale under Tax Code sections 32.06 and 32.065 "after a property owner turns 65 years of age if the property owner files a deferment of taxes under Texas Tax Code § 33.06." Request Letter at 2.

Sections 32.06 and 32.065 of the Tax Code together establish the statutory authority for property tax lending in this state, and chapter 351 of the Finance Code establishes the licensing requirements and basic rules for property tax lenders. See TEX. FIN. CODE ANN. §§ 351.001–.164 (Vernon Supp. 2009); TEX. TAX CODE ANN. §§ 32.06, .065 (Vernon Supp. 2009). Tax Code section 32.06 allows a person to "authorize another person to pay the taxes imposed by a taxing unit on the person's real property." TEX. TAX CODE ANN. § 32.06(a-1) (Vernon Supp. 2009). Such payment is referred to as a "property tax loan" or a "tax lien transfer." See TEX. FIN. CODE ANN. § 351.002(2) (Vernon Supp. 2009); 7 TEX. ADMIN. CODE § 89.502(2)–(3) (2010) (explaining that "property tax loan" and "tax lien transfer" may be used synonymously).[2] An individual who makes such loans is

---

[1]Request Letter at 1 (*available at* http://www.attorneygeneral.gov).

[2]A "property tax loan" is an advance of money:

(A) in connection with a transfer of lien under Section 32.06, Tax Code, or a contract under Section 32.065, Tax Code;

(B) in connection with which the person making the transfer arranges for the payment, with a property owner's written consent, of property taxes and related closing costs on behalf of the property owner in accordance with Section 32.06, Tax

(continued...)

generally considered a "property tax lender" or a "transferee." *See* TEX. FIN. CODE ANN. §§ 351.051(a) (Vernon Supp. 2009) (describing business of property tax lender), 351.002(1) (defining "property tax lender" as "a person that engages in activity requiring a license under section 351.051"); TEX. TAX CODE ANN. § 32.06(a)(2) (Vernon Supp. 2009) ("'Transferee' means a person authorized to pay the taxes of another."); 7 TEX. ADMIN. CODE § 89.502 (1), (4) (2010) (explaining that "property tax lender" and "transferee" may be used synonymously).[3] Once a property tax lender makes an authorized property tax loan, a tax lien may be transferred from the taxing unit to the property tax lender, for both delinquent and some nondelinquent taxes. TEX. TAX CODE ANN. § 32.06(a-2) (Vernon Supp. 2009); *see id.* §§ 32.01(a) (Vernon 2008) (explaining that on January 1 of each year, a tax lien attaches to property in favor of each taxing unit having power to tax the property), 32.06(b) (Vernon Supp. 2009) (describing the procedures the tax collector shall follow in transferring the lien). Generally, "the transferee of a tax lien . . . is entitled to foreclose the lien: (1) in the manner provided by law for foreclosure of tax liens; or (2) in the manner specified in Section 51.002, Property Code, and Section 32.065." *Id.* § 32.06(c)(1).

The other provision about which you inquire, Tax Code section 33.06, allows an individual to "defer collection of a tax, abate a suit to collect a delinquent tax, or abate a sale to foreclose a tax lien if the individual: (1) is 65 years of age or older . . . ; and (2) the tax was imposed against property that the individual owns and occupies as a residence homestead." *Id.* § 33.06(a) (Vernon 2008). To obtain a deferral, an individual must file with the chief appraiser an affidavit stating these facts. *Id.* § 33.06(b). To obtain an abatement of pending suit, the individual must file the affidavit in the court in which the suit is pending, and to obtain an abatement of pending sale to foreclose the tax lien, the individual must deliver the affidavit to the chief appraiser, the collector for the taxing unit or the attorney representing that unit, and the officer charged with selling the property not later than the fifth day before the date of the sale. *Id.* § 33.06(c)–(d). Once the affidavit has been properly filed or delivered, a taxing unit may not file or, if already filed, must abate a suit to collect delinquent taxes on the property, and the property may not be sold at a sale to foreclose the tax lien until the 181st day after the date the individual no longer owns and occupies the property as a residence homestead. *Id.* § 33.06(b)–(d).[4]

---

[2](...continued)
> (C) that is secured by a special lien against property transferred from a taxing
> unit to the property tax lender.

TEX. FIN. CODE ANN. § 351.002(2) (Vernon Supp. 2009).

[3]Section 351.051 requires a person to hold a license to "(1) engage in the business of making, transacting, or negotiating property tax loans; or (2) contract for, charge, or receive, directly or indirectly, in connection with a property tax loan . . ., a charge, including interest, compensation, consideration, or another expense." TEX. FIN. CODE ANN. § 351.051(a) (Vernon Supp. 2009). That section also exempts certain financial institutions from the definition of property tax lender, individuals that make property tax loans only to certain family members, and individuals that make five or fewer loans in any consecutive twelve-month period. *Id.* § 351.051(c).

[4]The deferral or abatement may be extended if the individual who initially qualified for it died but had a surviving spouse fifty-five years of age or older and the property was the residence homestead of the surviving spouse when the deceased spouse died. TEX. TAX CODE ANN. § 33.06(f) (Vernon 2008).

As you note in your request, subsection 32.065(c) of the Tax Code explains the rights of the transferee of a tax lien, or the property tax lender, with regard to the transferred lien:

> Notwithstanding any other provision of this code, a transferee of a tax lien . . . is subrogated to and is entitled to exercise any right or remedy possessed by the transferring taxing unit, including or related to foreclosure or judicial sale, but is prohibited from exercising a remedy of foreclosure or judicial sale where the transferring taxing unit would be prohibited from foreclosure or judicial sale.

*Id.* § 32.065(c). In interpreting this statute, we try to give effect to the Legislature's intent by first looking to the plain and common meaning of the statute's words. *Fitzgerald v. Advanced Spine Fixation Sys.*, 996 S.W.2d 864, 865 (Tex. 1999). One Texas court has interpreted "subrogate" to mean "'to put (a person) in the place of, or substitute (him) for, another in respect of a right or claim.'" *Westchester Fire Ins. Co. v. Admiral Ins. Co.*, 152 S.W.3d 172, 178–79 (Tex. App.—Fort Worth 2004, pet. denied) (quoting A DICTIONARY OF MODERN LEGAL USAGE 525 (1987)); *see also First Nat'l Bank of Houston v. Ackerman*, 8 S.W. 45, 47 (Tex. 1888) (defining subrogation "to be that change by which another person has been put in the place of a creditor, and which makes the rights of the creditor . . . pass to the person who, by being subrogated to him, enters into his right"). Thus, the property tax lender will have the same rights with regard to the tax lien as the taxing unit possessed prior to the transfer of the lien. Likewise, if the taxing unit is prohibited from continued collection efforts, foreclosure or sale, the property tax lender in your proposed hypothetical would be prohibited from the same.

Tax Code section 33.06 establishes only two substantive requirements for an elderly individual to be entitled to defer collection of a tax, abate a suit to collect a delinquent tax, or abate a sale to foreclose a tax lien. *See* TEX. TAX CODE ANN. § 33.06(a) (2008). The individual must be 65 years old or older, and the tax must have been imposed against the individual's residence homestead. *Id.* If these requirements are met and the individual properly files or delivers the affidavit stating so, a taxing unit may not file or, if already filed, must abate a suit to collect delinquent taxes on the property, and the property may not be sold at a sale to foreclose the tax lien until the 181st day after the date the individual no longer owns and occupies the property as a residence homestead. *Id.* § 33.06(b)–(d); *see Kubovy v. Cypress-Fairbanks Indep. Sch. Dist.*, 972 S.W.2d 130, 135 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (abating post-judgment action when defendant filed a section 33.06 affidavit after default judgment was entered but while court retained plenary power). Important to your request, the plain language of section 33.06 does not include an exception for taxes incurred or liens perfected prior to the individual's sixty-fifth birthday. We will not read additional requirements into a statute that are not implicit on its face. *See Leland v. Brandal*, 257 S.W.3d 204, 207 (Tex. 2008). Thus, because a taxing unit must abate collection efforts and may not sell the property to foreclose a tax lien once the requirements of section 33.06 have been met, even if the lien was perfected prior to the property owner's sixty-fifth birthday, a property tax lender is likewise prohibited from doing so until the 181st day after the date the individual no longer owns and occupies the property as a residence homestead.

In further support of this conclusion, Tax Code section 32.06 requires a property tax lender seeking to foreclose a tax lien under section 32.065 to confirm, in the application for the foreclosure, "that the property owner has not requested a deferral of taxes authorized by Section 33.06." TEX. TAX CODE ANN. § 32.06(c-1)(1)(D) (Vernon Supp. 2009).  Such a requirement implicitly suggests that if the property owner *has* validly requested a deferral pursuant to section 33.06, the property tax lender may not continue foreclosure proceedings until that deferral is no longer active, regardless of when the tax lien was perfected.

### S U M M A R Y

If an individual age sixty-five years or older has appropriately filed a deferment of taxes under section 33.06 of the Tax Code, a property tax lender with a tax lien that was perfected prior to the property owner's sixty-fifth birthday may not exercise a remedy of foreclosure or judicial sale until the 181st day after the date the individual no longer owns and occupies the property as a residence homestead.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee